## BOSWELL a. THE HUDSON RIVER RAILROAD COM-PANY.

*New York Superior Court; General Term, April,* 1860.

CAUSE OF ACTION.—CARRIER'S CONTRACT FOR RESTRICTED LIA-
BILITY.—ANSWER.

Of the power of carriers of passengers to restrict their liability by a contract.
Form of a sufficient answer setting up such contract.

Appeal from an order made at special term, sustaining a de-
murrer to the defendants' answer, and that the plaintiff have
judgment against the defendants thereon, with costs, with leave
to amend such answer.

The action was brought by plaintiff as administrator of a de-
ceased person. The complaint stated that the deceased was a
passenger in a car of the defendants, to be carried from East
Albany to the city of New York, for a certain reasonable re-
ward. That the defendants undertook to carry him safely; but
that they did not properly manage their road, or properly man-
age their car, or safely carry or convey him, but said defendants
and their agents so negligently and improperly managed and
conducted, as that the car in which the deceased was, came in
contact with another car or locomotive, and was demolished and
thrown from the track of the said defendants' road, and that the
deceased was then and there from such gross negligence of the
defendants, instantly killed, or received great injury, from
which he immediately died. That his death was caused by,
and was the result of the gross negligence of the defendants as
aforesaid.

The answer was as follows:

The defendants' answer to the complaint of the plaintiff
herein:

They deny the allegations in the second paragraph of the said complaint contained, and each and every of said allegations.

They have no knowledge nor any information sufficient to form a belief in respect to the allegations of the third and fourth paragraphs of the said complaint, and therefore deny the same.

And for a further and separate defence, the defendants further answering, say: that at the time and place in the complaint mentioned, the said John B. Boswell was upon the cars of the defendants, *not as a passenger, nor upon the payment of, or promise to pay, any fare, but under and in virtue of a special contract made between the said Boswell and the said defendants,* which contract was evidenced by the pass or free ticket given to him by the defendants, and accepted and used by him, and by virtue of which he was riding upon the road, and in the cars of the defendants at the time of the *alleged* injury. That the conditions of the said contract by which the defendants agreed to carry the said Boswell, were printed upon the face of the said ticket or pass; and were in the words following : " Conditions. This ticket is issued to the *owner of live stock, or his agent,* to enable *him* to take the entire charge and *care of his stock* while on the Hudson River Railroad, and is part of the contract for transporting the same. By accepting or using it, he expressly releases the company, in consideration of this pass, *and the reduction of price below the tariff rates,* from all liability for injury to said stock from suffocation, crowding, trampling, or delay in transportation, *or for injury to his person or stock, arising from any cause whatsoever.*"

That the said ticket was accepted and used by the said Boswell at the time of the injuries alleged to have been sustained by him, and that the said injuries were not caused by any *fraudulent, wilful, or reckless act, or misconduct, or gross neglect, or default on the part of the defendants,* and that the defendants are not liable therefor.

THOMAS M. NORTH,<br>Attorney for defendants.

BY THE COURT.—BOSWORTH, Ch. J.—It is insisted by the counsel of the plaintiff, that the court is at liberty to interpret this con-

tract by the attending circumstances, and to restrict the general language to cases which would still leave the defendants liable for same neglect.

Adopting this view, this at least is clear, that the plaintiff must show plainly, that the intention of the parties was to qualify and restrain the very comprehensive language used in the instrument.

So far from its being obvious, that there are cases other than those of negligence, which the parties may be reasonably supposed to have contemplated, it seems to us difficult to understand, in what cases the company could be rendered liable at all for injury to the person of the party, without some negligence on their part or on the part of their agents. An injury to his person, in the course of his being carried to New York in their cars, may have arisen either from his recklessness, without any fault of the defendants; or from an event wholly independent of fault of either party; or from some neglect or fault on the part of the defendants. The parties cannot be intended to have contemplated the exemption of the defendants in the two first cases. The natural interpretation is, that they meant to cover the last case.

The counsel of the defendants does not deny that there may be a degree of gross neglect, amounting to wilful and fraudulent misconduct for which they might be responsible, even under this contract. His answer is formed to negative such a case.

It may be difficult, or impracticable, as observed in Weller a. The New York Central Railroad Company (26 *Barb.*, 646), to distinguish accurately between the different degrees of negligence. Yet one case can certainly be readily supposed in which a marked and practical distinction would exist. There might be a case of such misconduct on the part of an agent, as would indicate a wilful design to injure the party—a desperate recklessness which wantonly endangered the lives or property of all beneath his charge, a case of personal misconduct—and yet the principal who employed him, be responsible. In Weed a. The Panama Railroad Company (5 *Duer*, 193; 17 *N. Y. R.*, 362), the wilful act of the conductor who managed the train, was not allowed to be a ground of exemption for the company.

The averments of the answer seem to us to cover all such cases

as we can imagine of this nature ; and the terms and import of the stipulation appear to amount to an agreement, that the party was to have no redress for injuries arising from other degrees or cases of negligence.

We consider also that the parties were fully at liberty to enter into a contract of this nature. (1 *Sherm.*, 1185.)

We think that the court below erred, and that the order must be renewed, and the demurrer overruled.

## DURANT *a.* GARDNER.

*Supreme Court, First District ; Special Term, May,* 1860.

PLEADING.—ALTERNATIVE CAUSE OF ACTION.—DEMAND OF RELIEF.

An action against the directors of a corporation, seeking to charge them personally with a debt of the corporation, which as against the corporation rested in contract, is an action on contract.

The complaint in such action is not to be deemed as uniting several causes of action because it sets forth several grounds, on either of which the defendants would be liable.

A demand for judgment in the alternative is improper, and should be stricken out.[*]

A demand for general relief is inconsistent with a demand for judgment in a specified sum in an action for a money-demand on contract, and should be stricken out.

Motion to compel amendment of the complaint.

This was an action brought by a receiver against several defendants who were trustees of a corporation, seeking to charge them individually with a debt of the corporation.

BONNEY, J.—The summons in this action is for a money-demand on contract.

---

[*] Compare People and Taylor *a.* Mayor, &c., of New York (8 *Ante,* 7) ; Van Rensselaer *a.* Layman '10 *How. Pr. R.* 505).